IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: )<br>GUITARX, INC., )<br>    EIN: 48-1294117, )<br>                     *Debtor*. )<br>DENNIS W. KING, Chapter 7 Trustee, )<br>         Plaintiff, )<br>vs. )<br>RICHARD GARY ROSEN, an individual. )<br>         Defendant. ) | Chapter 7<br>Case No. 07-17861 MER<br><br>Adv. Pro. No. |

**COMPLAINT AGAINST RICHARD GARY ROSEN TO AVOID
PREFERENTIAL TRANSFERS OR FRAUDULENT TRANSFERS PURSUANT
TO BANKRUPTCY CODE §§ 547 AND 548; TO RECOVER SUCH TRANSFERS
PURSUANT TO BANKRUPTCY CODE § 550**

Dennis W. King, Trustee ("Trustee") of the estate of GuitarX, Inc. ("Debtor"), and Plaintiff herein, hereby files his complaint (the "Complaint") against Defendant Richard Gary Rosen ("Defendant"), stating the following:

## JURISDICTION

1. This Court has original jurisdiction of these matters pursuant to 28 U.S.C. § 1334(b), 28 U.S.C. § 157(a), General Procedure Order No. 1984-3 and 28 U.S.C. § 157(b)(1) in that they arise under Title 11 of the United States Code.

2. Proceedings to determine, avoid or recover preferential transfers are core proceedings pursuant to 11 U.S.C. § 157(b)(2)(F).

3. Proceedings to determine, avoid or recover fraudulent conveyances or fraudulent transfers are core proceedings pursuant to 11 U.S.C. § 157(b)(2)(H)

4. Proceedings to disallow claims pursuant to Bankruptcy Code § 502(d) are core proceedings pursuant to 11 U.S.C. § 157(b)(2)(B).

5. Venue is proper in this district pursuant to 28 U.S.C. § 1409.

6. Upon information and belief, Defendant Richard Gary Rosen is an individual with a current mailing address on file with the Bankruptcy Court of P.O. Box 9331, Denver, Colorado 80209-0331.

## GENERAL ALLEGATIONS

7. Defendant filed a voluntary petition under Chapter 7 of the Bankruptcy Code on October 10, 2006, thereby commencing Bankruptcy Case No. 06-17190 MER. David E. Lewis is the duly appointed and acting Chapter 7 trustee of Defendant's bankruptcy estate.

8. At all times relevant hereto, Defendant was the 100% shareholder of GuitarX, Inc., the named Debtor herein ("Debtor").

9. At all times relevant hereto Defendant was an insider of the Debtor as defined in 11 U.S.C. § 101(31).

10. On July 20, 2007 (the "Petition Date"), the Trustee of Defendant's bankruptcy estate filed a voluntary Chapter 7 bankruptcy petition on behalf of Debtor.

11. Thereafter, Dennis W. King was appointed Chapter 7 Trustee of Debtor's bankruptcy estate and is the duly acting Chapter 7 Trustee.

## FIRST CLAIM FOR RELIEF
### (Avoidance of Preferential Transfers Pursuant to Bankruptcy Code § 547)

12. Trustee re-alleges paragraphs 1 through 11 of this Complaint and incorporates them as if fully set forth herein.

13. The following payments (collectively the "Payments") were made by Debtor from its operating bank account held at Compass Bank to Defendant:

| CHECK NUMBER | DATE OF CHECK | CHECK AMOUNT |
|---|---|---|
| 10672 | April 19, 2007 | $6,600.00 |
| 10673 | April 20, 2007 | $1,500.00 |
| 10682 | April 26, 2007 | $3,000.00 |
| 10688 | April 30, 2007 | $5,000.00 |
| 10689 | May 3, 2007 | $6,000.00 |
| 10693 | May 10, 2007 | $4,000.00 |
| 10695 | May 15, 2007 | $2,800.00 |
| 0091 | May 15, 2007 | $629.26 |
| 1001 | May 15, 2007 | $67.43 |
| 10701 | June 11, 2007 | $1,500.00 |
| **TOTAL:** | | **$31,096.69** |

14. Trustee does not have complete information related to Debtor's bank account(s) for the one-year period immediately prior to the Petition Date. Through discovery, Trustee will likely obtain further information concerning Debtor's Compass Bank accounts or any other bank accounts maintained by Debtor. Trustee asserts that through this discovery, it may become known that additional payments were made by

Debtor to Defendant during the one-year period prior to the Petition Date. Trustee asserts that all or a portion of such additional payments may be avoidable under this claim for relief, or any other claim for relief set forth in this Complaint, and such additional payments are included herein in the definition of "Payments".

15. Upon information and belief, the Payments were honored by Debtor's bank within the one-year period immediately preceding the Petition Date (the "Preference Period").

16. The Payments were transfers of Debtor's property.

17. The Payments were made to or for the benefit of Defendant.

18. Upon information and belief, the Payments were made for or on account of an antecedent debt owed by the Debtor to Defendant before such Payments were made.

19. The Payments were made while the Debtor was insolvent.

20. The Payments were made on or within the Preference Period.

21. The Payments enabled Defendant to receive more than it would receive if (i) the case were a case under Chapter 7 of Title 11 of the United States Code; (ii) the Payments had not been made; and (iii) Defendant received payment of such debt to the extent provided by the provisions of Title 11 of the United States Code.

22. All or a portion of the Payments are avoidable as preferential transfers pursuant to Bankruptcy Code § 547(b).

### SECOND (ALTERNATIVE) CLAIM FOR RELIEF
**(Avoidance and Recovery of Fraudulent Transfers
Pursuant to Bankruptcy Code §§ 548 and 550)**

23. The Trustee re-alleges paragraphs 1 through 22 of this Complaint and incorporates them as if fully set forth herein.

24. The Payments were transfers of the Debtor's property to Defendant within the two-year period prior to the Petition Date.

25. Debtor made such transfers to Defendant with actual intent to hinder, delay or defraud an entity to which Debtor was, or became, indebted.

26. Alternatively, Debtor received less than reasonably equivalent value from Defendant in exchange for the transfers.

3

27.     Debtor was insolvent on the date of the transfers or was made insolvent as a result of such transfers.

28.     Debtor made such transfers to or for the benefit of an insider under an employment contract and not in the ordinary course of business.

29.     The transfers are avoidable as fraudulent transfers pursuant to Bankruptcy Code § 548.

### THIRD CLAIM FOR RELIEF
### (Avoidance of Claim Pursuant to Bankruptcy Code § 544(b)(1))

30.     Trustee re-alleges paragraphs 1 through 30 of this Complaint and incorporates them as if fully set forth herein.

31.     Pursuant to Bankruptcy Code § 544(b)(1), Trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that could have been avoided by a creditor holding an unsecured claim.

32.     Pursuant to C.R.S. §§ 38-8-106(2) and 38-8-108(1)(a), a transfer made by a debtor may be avoided by a creditor whose claim arose before the transfer was made if the transfer was made to an insider for an antecedent debt, the debtor was insolvent at that time, and the insider had reasonable cause to believe that the debtor was insolvent.

### FOURTH CLAIM CLAIM FOR RELIEF
### (Recovery of Transfers Pursuant to Bankruptcy Code § 550)

33.     The Trustee re-alleges paragraphs 1 through 32 of this Complaint and incorporates them as if fully set forth herein.

34.     Pursuant to Bankruptcy Code § 550, Trustee is entitled to recover from Defendant the Payments/transfers or an amount equal to the amount of the Payments/transfers avoidable under Bankruptcy Code §§ 544, 547 and 548.

### PRAYER FOR RELIEF

**WHEREFORE**, Trustee prays that the Court enter an Order:

(a)     determining that the Payments are avoidable by the Trustee as preferential transfers pursuant to Bankruptcy Code § 547;

(b)     determining that the Payments are avoidable by the Trustee as fraudulent transfers pursuant to Bankruptcy Code § 548;

(c)     determining that the Payments are avoidable by the Trustee pursuant to Bankruptcy Code § 544;

4

(d)     determining that Trustee may recover the Payments or an amount equal to the sum of the Payments from Defendant pursuant to Bankruptcy Code § 550;

(e)     awarding judgment in favor of Trustee and the bankruptcy estate and against Defendant (i) in the amount of the Payments; (ii) for such other amounts as may become known through discovery and proven at trial; and (iii) for all costs and attorneys' fees as provided by law; and

(F)     for such other and further relief as this Court deems just and proper

Date: July 9, 2009.

                                  Respectfully submitted,

                                  CONNOLLY, ROSANIA & LOFSTEDT, P.C.

By:     /s/ Douglas C. Pearce, II
        Douglas C. Pearce, II, Esq. (#28786)
        950 Spruce Street, Suite 1C
        Louisville, CO 80027
        Ph: (303) 661-9292
        Fx: (303) 661-9555
        doug@crlpc.com
        *Counsel to Dennis W. King, Chapter 7 Trustee*